[863 NYS2d 488]

In the Matter of BRUCE E. LILLING (Admitted as BRUCE ELIOT LILLING), an Attorney, Resignor.

Second Department, September 2, 2008

### APPEARANCES OF COUNSEL

*Richard E. Grayson*, White Plains, for resignor.

*Gary L. Casella*, White Plains (*Antonia Cipollone* of counsel), for Grievance Committee for the Ninth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Bruce E. Lilling has submitted an affidavit dated April 30, 2008, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Lilling was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 17, 1979, under the name Bruce Eliot Lilling.

Mr. Lilling avers that his resignation is tendered voluntarily, free from coercion and duress, and after review with counsel. He is aware of the implications of submitting his resignation, including the fact that his name would be stricken from the roll of attorneys and counselors-at-law and that he will be barred from seeking reinstatement for at least seven years.

Mr. Lilling is aware that the Grievance Committee has moved for authorization to institute a disciplinary proceeding against him and for his interim suspension based, inter alia, upon his alleged failure to cooperate with its investigation concerning 12 notices received pursuant to 22 NYCRR 1300.1 and issued between June 2006 and June 2007 against three separate attorney escrow accounts maintained by his law firm. Mr. Lilling is further aware that the Grievance Committee is investigating a complaint by Gail Kraljevic and Branko Kraljevic alleging that he failed to ensure that there were adequate funds on deposit concerning a series of checks issued to them from respondent's attorney operating account. In addition, Mr. Lilling acknowledges that the Grievance Committee is investigating a complaint filed by Hans Bazlen on behalf of his former client, Biosource Pharmacy, Inc. Mr. Bazlen advised that Biosource Pharmacy, Inc. had entrusted his firm with $17,000 to be used to cover estimated international patent filing fees. These funds were deposited into Mr. Lilling's escrow account. Mr. Lilling acknowledges that the Grievance Committee's investigation revealed, inter alia, that he was guilty of certain infractions of the Code of Professional Responsibility regarding the maintenance of his attorney escrow account. It is specifically alleged that Mr. Lilling breached his fiduciary duty by, inter alia, failing to safeguard funds entrusted to him and ensuring that they remain intact.

Mr. Lilling further acknowledges that the proposed petition annexed to the Grievance Committee's order to show cause includes allegations that he breached his fiduciary duty with respect to his attorney escrow accounts, failed to cooperate with the Grievance Committee, and failed to account for funds entrusted to him. He acknowledges his inability to successfully defend himself on the merits against such charges.

Mr. Lilling is aware that in any order permitting him to resign, the Court could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for same. He acknowledges that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee submits that acceptance of Mr. Lilling's resignation is in the best interests of the public and is the most expeditious way to conclude this matter.

Inasmuch as the proffered resignation complies with all pertinent court rules, it is accepted and, effective immediately, Bruce E. Lilling is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. The Grievance Committee's pending motion to immediately suspend the respondent is denied as academic in light of the tendered resignation.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and BALKIN, JJ., concur.

Ordered that the resignation of Bruce E. Lilling, admitted as Bruce Eliot Lilling, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Bruce E. Lilling, admitted as Bruce Eliot Lilling, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Bruce E. Lilling, admitted as Bruce Eliot Lilling, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Bruce E. Lilling, admitted as Bruce Eliot Lilling, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the motion by the Grievance Committee for the Ninth Judicial District, inter alia, to suspend Bruce E. Lilling,

admitted as Bruce Eliot Lilling, from the practice of law pursuant to 22 NYCRR 691.4 (l) (1) (i), (ii) and (iii) is denied as academic in view of his resignation; and it is further,

Ordered that if Bruce E. Lilling, admitted as Bruce Eliot Lilling, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).